**UNITED STATES of America,**
**Appellee,**

v.

**Henry Lee COLE, Appellant.**

**No. 71–1218.**

United States Court of Appeals,
Eighth Circuit.

Sept. 28, 1971.

Sheldon Weinstein, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and William C. Martin, Asst. U. S. Atty., for appellee.

Before MATTHES, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

## PER CURIAM.

Henry Lee Cole, appellant, was charged by information and found guilty of unlawfully possessing an American Express Company money order in the amount of $100 payable to another person which money order had been stolen and extracted from the United States mail; and that appellant at the time of such unlawful possession knew that the money order had been stolen.

On appeal from the judgment of conviction, appellant contends that the court erred in denying his motion to suppress the use of the money order as evidence, asserting that the search by the police officer which resulted in finding the money order on appellant's person was not incident to a lawful arrest. Appellant also contends the evidence was insufficient to establish a submissible case on the issue of scienter, that is that he knew the money order had been stolen. We reject both contentions and affirm.

In brief, the undisputed evidence shows that on December 8, 1970, the money order in question was placed in a United States mail box; that on the same day the mail box had been pried open. On the following day, appellant entered a drug store in St. Louis, Missouri, and attempted to cash the money order. The proprietor of the drug store, being acquainted with appellant, refused to cash the money order because it was not endorsed by the payee named thereon. As appellant left the drug store, a police officer entered it. The proprietor immediately informed the officer that appellant had attempted to cash the money order, that he, the proprietor, believed it had been stolen and that "there is something wrong." The officer who, as stated, had seen appellant leave the store, immediately pursued the automobile occupied by appellant and by three other subjects. The automobile stopped a short distance from the drug store at the officer's command. Upon being questioned, the appellant denied that he had entered the drug store and that he knew anything about the incident. He was thereupon placed under arrest and the ensuing search revealed the money order on the person of the appellant.

On the foregoing facts, we are in agreement with the district court that the officer was justified in stopping the automobile for the purpose of further investigation and, upon appellant's claim

that he knew nothing about the incident coupled with the information the officer received from the proprietor, the officer was justified in arresting appellant and searching him.

The evidence viewed in the light most favorable to the government was sufficient to submit the case to the jury. Appellant received a fair trial, the verdict was based upon substantial evidence, and, consequently, the judgment is affirmed.